IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

UNITED STATES OF AMERICA

     v.

RICHARD BYRD, et al.,

     Defendants.

WILLIAM C. BOND,

     Movant-Intervenor *pro se.*

\*

\*     Criminal Action No.: 14-0186-RDB-1

\*

\*

\*

\*

\*

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO INTERVENE AND CORRECT THE DOCKET AND/OR UNSEAL THE ATTORNEY INQUIRY HEARING WITH EXPEDITION REQUEST

Comes now Movant-Intervenor *pro se*, William C. Bond, under Fed. R. Civ. P. 24 and any other

applicable rules and/or laws and states:

1. Movant is a member of the public who also is the owner of "Baltimore Corruption Wire," a

Maryland public policy initiative with many followers.

2. Movant brings this action under the First Amendment and common law for the limited

purpose of making public the "Attorney Inquiry Hearing" transcript and any related information.

Movant further states to the court that moving to unseal a court record is a civil matter,

regardless of the fact that the underlying case is criminal in nature.

3. This matter has already been publicized in the Baltimore *City Paper* on at least three (3) occasions, which has created much public interest.

4. On September 9, 2014, on the public docket of this case the government made a "Paperless Notice of Hearing" regarding this matter, a hearing that was to be held two days later on September 11, 2014.

5. There is no notice on the docket as to whether this hearing occurred, or whether any court reporter was present or if a transcript or recording exists.

6. This court must see that this docket error is corrected.

7. This court must also make immediately public the record of the "Attorney Inquiry Hearing" and all related information to that action.

8. If this court will not make this information public, they must explain to the public why not? Please see, Rushford v. New Yorker Magazine, Inc., 846 F.2d 249 (4th Cir. 1988), quoting In re Knight Publishing Co.:

> "Under the First Amendment, on the other hand, the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest. Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984); Globe Newspaper Co. v. Superior Court, 457 U.S.

596, 607, 102 S.Ct. 2613, 2620, 73 L.Ed.2d 248 (1982); In re
Washington Post Co., 807 F.2d at 390. . ."

"In making that determination, the district court must follow the
procedural requirements as laid out In re Knight Publishing Co.,
743 F.2d 231 (4th Cir.1984). See In re Washington Post Co., 807
F.2d at 390. **First, (1) the district court must give the public
adequate notice that the sealing of documents may be ordered.**
In re Knight Publishing Co., 743 F.2d at 234. **Second, (2) the
district court must provide interested persons "an opportunity
to object to the request before the court ma[kes] its decision."**
Id. at 235. **Third, (3) if the district court decides to close a
hearing or seal documents, "it must state its reasons on the
record, supported by specific findings."** Id. at 234. **Finally, (4)
the court must state its reasons for rejecting alternatives to
closure.** Id. at 235." (Emphasis and numbering added.)

9. Movant requests this court to expedite this matter because of the great public interest.

WHEREFORE, for the aforementioned reasons, movant prays the court grants the requested

relief expeditiously.

Respectfully submitted,

_____
WILLIAM C. BOND
*Pro Se*
P.O. Box 4823
Baltimore, Maryland 21211
(443) 970-2887
proselitigator@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of October 2014, copies of Movant's MOTION TO
INTERVENE AND CORRECT THE DOCKET AND/OR UNSEAL THE ATTORNEY

INQUIRY HEARING WITH EXPEDITION REQUEST were served by U.S. Mail, postage prepaid, and/or by Email to: JAMES G. WARWICK, Office of the U.S. Attorney, 36 S. Charles St., 4th Fl., Baltimore, Maryland 21201, James.Warwick@usdoj.gov; and to: KENNETH SUTHERLAND CLARK, Office of the U.S. Attorney, 36 S. Charles St., 4th Fl., Baltimore, Maryland 21201, kenneth.clark@usdoj.com; and to WILLIAM C. BRENNAN, Jr., Brennan, McKenna, Manzi, Shay, Chartered, 6305 Ivy Lane, Ste. 700, Greenbelt, Maryland 20770, wbrennan@bsm-legal.com; and to: KENNETH W. RAVENELL, Murphy P.A., One South St., 23rd Fl., Baltimore, Maryland 21202, kenneth.ravenell@murphypa.com.


_____
WILLIAM C. BOND