IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal Action No. RDB-14-186 |
| RICHARD BYRD, *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION & ORDER**

Currently pending before this Court is Putative Intervenor William C. Bond's ("Mr. Bond") Notice of Appeal of Magistrate Judge to the District Judge (ECF No. 119), in which Mr. Bond seeks to appeal two orders of United States Magistrate Judge Timothy J. Sullivan and gain access to materials pertaining to an attorney inquiry matter involving Defendant Richard Byrd and his counsel.[1] Specifically, Judge Sullivan issued an order on October 31, 2014 that (1) directed the Clerk of the Court to make note of the attorney inquiry hearings and related documents on the public docket; and (2) denied Mr. Bond's request to unseal electronic recordings and transcripts pertaining to those hearings. Subsequently, Mr. Bond filed a Motion to Correct and/or Reconsider (ECF No. 107), which Judge Sullivan denied. In his Memorandum and Order denying reconsideration, Judge Sullivan found that there was no First Amendment right of access to the attorney inquiry hearing materials. Operating

---

[1] In his May 11, 2015 letter to the Court, Mr. Bond suggested that "it is up to this court to decide whether they [sic] should even continue to hear this part of this case, and whether it wouldn't be better to bifurcate this matter from the rest of the case and reassign it to a visiting judge and/or transfer it out of Maryland." *See* ECF No. 166. As the undersigned is currently assigned to this criminal case, there is no need to reassign or transfer any part of this matter.

under the framework laid out in *Press-Enterprise Co. v. Superior Court of California for the County of Riverside* (*Press Enterprise II*), 478 U.S. 1, 8-9 (1986), Judge Sullivan first noted that such attorney inquiry hearings "occur infrequently" and found that, on the record before him, there was no information regarding the question whether such proceedings were historically open.  With respect to the second prong, however, Judge Sullivan found that "the type of hearings that took place in this case would be frustrated by such openness."  In coming to this conclusion, Judge Sullivan noted that attorney inquiry hearings "are designed to address a wide variety of problems that can arise between criminal defendants and their counsel," and that the success of such hearings depends on the parties' ability to speak openly and with candor.  Accordingly, Judge Sullivan found that there was no First Amendment right of access to the hearings held in this case.

In the alternative, Judge Sullivan found that compelling governmental interests outweighed any right of access held by the public.  Specifically, Judge Sullivan found that sealing was necessary to protect the Defendant's confidential information and to safeguard his Sixth Amendment rights.

In addition to his Memorandum and Order (ECF No. 116) described above, Judge Sullivan filed a Sealed Supplement (ECF No. 117) in accordance with the procedures suggested in *In re Washington Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986).  This document further articulated the reasons for Judge Sullivan's decision and explained how the factual circumstances of the matter before the Court required that the attorney inquiry hearing and related materials remain under seal.

After reviewing Mr. Bond's appeal memorandum, Judge Sullivan's two orders, and

Judge Sullivan's Sealed Supplement explaining his second ruling, this Court holds that Judge Sullivan did not err. Therefore, this Court affirms Judge Sullivan's rulings and adopts the reasons stated in the January 13, 2015 Memorandum and Order (ECF No. 116).[2]

Suffice it to say, Judge Sullivan properly applied the relevant legal principles to the facts of this matter. Under *Press Enterprise II*, the "two complementary considerations" used to determine whether a First Amendment right of access applies to a criminal proceeding are (1) whether the proceeding has historically been open to the press and general public; and (2) whether public access plays a significant positive role in the functioning of the particular process in question. *Press-Enterprise II*, 478 U.S. at 8-9. Even if the First Amendment right of access attaches to a particular proceeding, a court may nevertheless close the proceeding if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest. *See In re Washington Post Co.*, 807 F.2d 383, 392 (4th Cir. 1986).

With respect to the historical access prong, Mr. Bond has aptly noted the opinion of the United States Court of Appeals for the Sixth Circuit in *Application of National Broadcasting Co., Inc.*, 828 F.2d 340 (6th Cir. 1987). While there does not appear to be any Fourth Circuit

---

[2] Like Judge Sullivan, this Court does not rule upon the issue of whether a non-party individual may intervene in a criminal case. *See* Jan. 13, 2014 Mem. & Order at 1 n.1, ECF No. 116. However, this Court agrees that Mr. Bond's ability to intervene in a criminal case under Rule 24 of the Federal Rules of Civil Procedure—which are not applicable in criminal cases—is suspect at best. Nevertheless, there is no doubt that a member of the public is entitled to challenge orders restricting access to materials pertaining to criminal proceedings. Accordingly, Judge Sullivan properly assessed the merits of Mr. Bond's request.

authority directly addressing attorney inquiries,[3] this Sixth Circuit opinon cited by Mr. Bond did relate to media access[4] to sealed records pertaining to proceedings inquiring into conflicts of interest of attorneys in a criminal case. In that case, the Sixth Circuit concluded that "proceedings inquiring into conflicts of interest by attorneys meet and satisfy the requirements of a qualified First Amendment right of access." *Id.* at 345. The court then addressed the issue of whether there were circumstances that would jeopardize a fair trial because of pretrial publicity in a highly publicized case. The court concluded that the district court failed to establish such prejudice. *Id.* at 347. While this Court is not bound by this Sixth Circuit opinion, that opinion has certainly been considered.[5]

However, as explained in somewhat more detail below, the precise nature of the attorney inquiry hearing in this case clearly qualified this case as one of "unusual circumstances," and public access would not significantly improve the functioning of the inquiry in this case. *See id.* at 345. Accordingly, this Court finds that Judge Sullivan's orders finding that there was no First Amendment right of access to the attorney inquiry hearing must be affirmed, and, therefore, the attorney inquiry hearing should remain sealed.

While this Court finds that the reasons articulated by Judge Sullivan are sufficient to

---

[3] In the case of *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984), the Fourth Circuit held that the district court erred in closing the courtroom during the prosecution of a state senator after the trial had begun without making findings to support closure of the courtroom. In *Rushford v. New Yorker Magazine*, 846 F.2d 249 (4th Cir. 1988), the court held that discovery documents submitted under seal in support of a motion for summary judgment in a civil case should be unsealed. These cases are of limited utility in this Court's analysis in this matter.

[4] Mr. Bond is to be accorded the same First Amendment analysis as would be accorded to the media.

[5] This Court recognizes that the historical access inquiry must examine the practices throughout the United States and not just one jurisdiction. *See El Vocero de Puerto Rico v. Puerto Rico*, 508 U.S. 147, 150 (1993).

affirm those rulings, this Court notes that there is an additional reason which distinguishes this case from the Sixth Circuit opinion in *Application of National Broadcasting Co.* The attorney inquiry hearing in question in this case implicated matters involving a grand jury investigation, and accordingly, the hearing and related documents must continue to be sealed in light of considerations of grand jury secrecy pursuant to Rule 6(e)(2) of the Federal Rules of Criminal Procedure. *See, e.g., U.S. v. Bilbrey*, 896 F. Supp. 1207, 1208-09 (M.D. Fla. 1995) (no First Amendment right of access to attorney disqualification proceeding where the papers and the hearings themselves were permeated with information that the government has previously indicated was grand jury information); *see also Press-Enterprise II*, 478 U.S. at 8-9 ("Although many governmental processes operate best under public scrutiny, it takes little imagination to recognize that there are some kinds of government operations that would be totally frustrated if conducted openly. A classic example is that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." (internal quotation marks omitted)); FED. R. CR. P. 6(e)(6) ("Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."). Thus, Mr. Bond's appeal must be denied.

Mr. Bond is certainly free to seek review of this Court's order by the United States Court of Appeals for the Fourth Circuit. He should do so in the manner described by Judge Sullivan. *See* Jan. 13, 2015 Order at 5 n.4, ECF No. 116. Specifically, this Court notes that "[m]andamus, not appeal, is the preferred method of review for orders" restricting access to criminal proceedings. *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 63 (4th Cir. 1989) (internal

quotation marks omitted).

Accordingly, for the foregoing reasons, it is this 14th day of May, 2015, ORDERED that:

1) The October 31, 2014 and January 13, 2015 Orders of U.S. Magistrate Judge Timothy J. Sullivan (ECF Nos. 100 & 116) are AFFIRMED, and Mr. Bond's Notice of Appeal (ECF No. 119) is DENIED;

2) To the extent that Mr. Bond's May 11, 2015 letter to the Court (ECF No. 166) is construed as a second motion to expedite, that motion has been GRANTED and is now MOOT; and

3) The Clerk of the Court transmit copies of this Order to Counsel and to Mr. Bond.

                                                                              /s/  
                                                Richard D. Bennett  
                                                United States District Judge