IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CRIMINAL NO. RDB-14-0186** |
| : | |
| **RICHARD BYRD, et al.** : | |
| **Defendants.** : | |

...oooOooo...

## GOVERNMENT'S MOTION FOR AN ORDER TO COMPEL COMPLIANCE WITH SEIZURE WARRANT AND APPLICATION FOR A PROTECTIVE ORDER

The United States of America, through undersigned counsel and pursuant to 21 U.S.C. section 853(e)(1)(A), hereby requests an order (1) that directs the law firm of Perkins Coie to comply with a valid seizure warrant pertaining to funds and vehicles in their possession; (2) that directs the State of Arizona to turn over to the U.S. Marshals Service certain assets in the State's possession; and (3) that directs the U.S. Marshals Service to hold the assets that are turned over by the Perkins Coie law firm and the State of Arizona pending further order of this Court, and in support therefor states as follows:

1.    On or about July 14, 2014, a Superseding Indictment was returned in this case that charged the defendants with participating in a drug conspiracy in violation of 21 U.S.C. section 846, and with participating in a money laundering conspiracy in violation of 18 U.S.C. section 1956(h).  That Superseding Indictment also provided notice pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure that the government intends to seek the forfeiture of the proceeds traceable to the drug offense pursuant to 21 U.S.C. section 853(a)(1) and forfeiture of the property involved in the money laundering offense pursuant to 18 U.S.C. section

1

981(a)(1)(A).

2.      On October 14, 2015, the government filed an Information to provide notice that the government intends to seek the forfeiture of certain specified assets alleged to be proceeds traceable to the offense charged in Count One of the Superseding Indictment, and property involved in transactions in violation of the offense charged in Count Two.  In light of the Superseding Indictment and the nature of the charges, it is critical that these assets be secured so that their value is not diminished or otherwise placed beyond the jurisdiction of this Court.

3.      The forfeiture statute provides in pertinent part as follows:

> Upon application of the United States, the court may enter a restraining order or injunction . . . or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section-
> (A) upon the filing of an indictment charging a violation of this subchapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would in the event of conviction be subjection to forfeiture under this section.

21 U.S.C. § 853(e)(1)(A).

4.      The assets specified in the Information are presently held by the law firm of Perkins Coie in Phoenix, Arizona, and by the State of Arizona.  All of the specified property was seized in connection with an investigation of Richard Byrd that was conducted by Arizona authorities in 2011.  The Arizona authorities filed forfeiture actions against the various property items, but in a final judgment dated March 18, 2013, the Arizona Superior Court dismissed the forfeiture actions, based on procedural issues, and directed that some of the seized property be released to Richard Byrd.  While the case was on appeal, the Arizona Court of Appeals issued a protective order that directed Byrd not to transfer or dissipate any of the released assets.  After the Arizona Court of Appeals issued its protective order, assets were released by the Arizona

authorities to the law firm of Perkins Coie in Arizona, counsel for Richard Byrd. The law firm placed the funds in a trust account controlled by the firm and placed the vehicles in a secure storage facility, where they remain. The property held by counsel for Richard Byrd is as follows:

$749,080.00 in U.S. currency seized from 5346 E. Royal Palm Rd., Paradise Valley, AZ 85253-2528

$1300.00 in U.S. currency seized from 5346 E. Royal Palm Rd., Paradise Valley, AZ (white envelope on the northwest wall)

2006 White Mercedes
AZ License Plate #AJR8574
VIN: 4JGCB75E16A016484

2007 Silver Mercedes
AZ License Plate #AMC7192
VIN: WDDNG71X17A044685

2009 Black BMW
AZ Temp. License Plate #0N00644
VIN: WBAKB83539CY58273

2010 Can AM Spyder Motorcycle
AZ License Plate#62L6MC
VIN: 2BXJADA16AV000230

2008 Mercedes CLS 550
CA License Plate #6NWK853
VIN: Unknown

2007 Mercedes SL500
CA License Plate #6MTF429
VIN: WDDNG71X47A032840

2007 Cadillac Escalade
License Plate : Unknown
VIN: 1GYEC638X7R260987.

5.  On July 12, 2013, the Honorable Beth P. Gesner, United States Magistrate Judge, issued a seizure warrant based on a finding of probable cause to believe that a number of specific

3

assets were proceeds traceable to drug transactions of Richard C. Byrd. A copy of the warrant and affidavit is annexed hereto as **Exhibit A**. In the affidavit that was submitted in support of the application for that warrant, the case agent advised the court that all of the targeted items, funds and vehicles, had been in the custody of Arizona authorities until the Arizona Superior Court issued an order releasing some of the seized property to Richard Byrd. Exhibit A at 7. The agent also advised that the Arizona Court of Appeals had issued a protective order that directed Byrd not to transfer or otherwise dispose of those assets pending resolution of the appeal of the Superior Court's release order. Id. The agent attached a copy of the order of the Arizona Superior Court to demonstrate to Magistrate Judge Gesner that the order was based on procedural issues, and not on the merits of any seizure or forfeiture. Id. at 8.

6. On or about July 13, 2013, agents delivered a copy of the seizure warrant to the Perkins Coie law firm in Arizona. Counsel for Byrd acknowledged receipt of the warrant.

7. The Arizona appeal was concluded by a memorandum opinion issued by the Arizona Court of Appeals on May 28, 2015, that affirmed the judgment of the Arizona Superior Court. Counsel for Richard Byrd continues to hold the property described in paragraph 4 above.

8. In a letter dated October 7, 2015, counsel for Byrd indicated as follows: "we do not believe such a seizure was, or would be, effective or appropriate...." Counsel also stated that he would continue to maintain the trust funds intact pending an orderly resolution of any seizure issues by agreement or by the Court.

9. The government believes that the warrant was properly issued by Magistrate Judge Gesner, and that it was properly executed when it was delivered to, and accepted by the

Perkins Coie law firm. The Arizona case was concluded on May 28, 2015, and the Byrd lawyers have not turned over the property that is the subject of the seizure warrant. The Perkins Coie law firm should comply with the seizure warrant and turn over the funds and vehicles to the U.S. Marshals Service. Given the statements in the recent letter to government counsel, it appears that the Byrd lawyers do not intend to comply with the seizure warrant without an additional order from this Court. Consequently, the government respectfully requests an order directing the Byrd lawyers to comply with the seizure warrant and to turn over the targeted property to the U.S. Marshals Service.

10. There is additional seized property that was not ordered released by the Arizona Superior Court and is still held by the Arizona authorities. That property includes the following:

$880 in U.S. currency seized from the inside pocket of Kimberly Reid's purse.

$437.58 in U.S. currency seized from inside the wallet of KimberlyReid's purse.

$800 in U.S. currency seized from inside the wallet of Richard Byrd that was inside Kimberly Reid's purse.

$267,920 in U.S. currency seized from a black rolling suitcase in the possession of Richard Byrd.

$18,000 in U.S. currency seized from the 2002 Chevrolet Suburban, VIN 1GNEC16ZX2J306541, AZ Plate No. ANK4399.

$252.52 in U.S. currency seized from Robert Smith's Bank of America account #349417137.

$4,241.41 in U.S. currency seized from Robert Smith's Wells Fargo Bank account #101030-9466606.

2003 Toyota Camry
License Plate: Unknown
VIN: Unkown.

5

2002 Chevrolet Suburban
AZ Plate No. ANK4399
VIN 1GNEC16ZX2J306541.

11. Because all of the property described in paragraphs 4 and 10 above is identified in the Information as property that is subject to forfeiture in this case, there is a need to restrain and preserve this property for forfeiture, and to prevent the dissipation of these assets. The Arizona authorities have indicated that they are willing to respond to an order from this Court and will turn over to the U.S. Marshals Service the property in the possession of the State of Arizona that is specified in paragraph 10 above. An order that directs the Perkins Coie law firm to comply with the seizure warrant will address the remaining property specified in the Information.

**WHEREFORE**, the United States of America respectfully requests that the Court enter an order (1) that directs the law firm of Perkins Coie to turn over to the custody of the U.S. Marshals Service all of the assets described in paragraph 4 above; (2) that directs the State of Arizona to turn over to the custody of the U.S. Marshals Service all of the assets described in paragraph 11 above; and (3) that directs the U.S. Marshals Service to hold the assets that are turned over by the Perkins Coie law firm and the State of Arizona pending further order of this Court. A proposed order is submitted herewith for the convenience of the Court.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

*/s/ James D. Warwick /RCK*
James G. Warwick
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government's Application for a Protective Order will be provided to counsel of record by efiling, and a copy also will be provided to Jean-Jacques Cabou, Esquire, and the Perkins Coie law firm, counsel for Richard Byrd in Arizona.

_____
James G. Warwick
Assistant United States Attorney