INDEX OF EXHIBITS
TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION
FOR AN ORDER TO COMPEL COMPLIANCE WITH SEIZURE WARRANT
AND MOTION FOR A *FARMER* HEARING

*United States of America v. Richard Byrd* **(RDB-14-0186)**

| | |
|---|---|
| Exhibit A | 10/7/2015 Letter from J. Cabou to Richard Kay and Jim Warwick |
| Exhibit B | 7/12/2013 Warrant Case No. 13-1683 |
| Exhibit C | 4/26/2013 State of Arizona Check #5925006 |
| Exhibit D | 7/12/2013 Warrant Application Case No. 13-1683 |
| Exhibit E | 10/4/2012 Minute Entry Granting Motion for Attorneys' Fees |
| Exhibit F | 11/27/2012 Excerpts Evidentiary Hearing Transcript |
| Exhibit G | 2/19/2013 Order of Dismissal in 2012 case |
| Exhibit H | 12/17/2012 Closing Brief |
| Exhibit I | 7/5/2013 Final Judgment |
| Exhibit J | 7/5/2013 Minute Entry Ruling re payment of attorneys' fees (Order in 2012 case) |
| Exhibit K | 4/17/2014 Dk No. 001 Indictment |
| Exhibit L | 7/24/2014 Dk No. 41 Superseding Indictment |
| Exhibit M | 10/20/2015 Dk No. 231. US v. Byrd. 2nd Superseding Indictment |
| Exhibit N | 11/26/2012 Excerpts Evidentiary Hearing transcript |

*Exhibit A*

**PerkinsCoie**

2901 North Central Avenue
Suite 2000
Phoenix, AZ 85012-2788

☎ +1.602.351.8000
🖷 +1.602.648.7000
PerkinsCoie.com

October 7, 2015

Jean-Jacques Cabou
JCabou@perkinscoie.com
D. +1.602.351.8003
F. +1.602.648.7003

Richard Kay
Jim Warwick
Assistant United States Attorney's
U.S. Attorney's Office
36 South Charles Street, 4th Floor
Baltimore, MD 21201

Re:   **Richard Byrd**

Dear Richard and Jim:

I hope this letter finds you both doing well. I write today regarding Mr. Byrd's case, specifically on the subject of the funds paid, or still owed, to Mr. Byrd as a result of the judgment in his favor in the Arizona Superior Court (the "Arizona Case"). As you both know, and as I have discussed with Richard during several very cordial conversations, the Arizona Superior Court entered final judgment in his favor on March 18, 2013. A copy of that judgment is enclosed. That judgment was affirmed by the Arizona Court of Appeals in a memorandum decision dated May 28, 2015. A copy of that memorandum is also enclosed.

The State of Arizona has partially satisfied the judgment in the Arizona Case and, until now, we have worked cooperatively with your office and the Arizona Attorney General's Office (the "AGO") on the issue of complete satisfaction of that judgment. The partial satisfaction was accomplished some time ago when the AGO paid Mr. Byrd $763,898.06 which was deposited into a trust account on his behalf (the "Trust Funds"). That money was, and remains, held in the trust account. Mr. Byrd is also due a further payment as a result of the final judgment. By our calculations, that further payment is roughly $300,000.[1]

Through my recent conversations with Richard, he has made clear the United States' position that the monies owed to Mr. Byrd as a result of the Arizona judgment ( the "Arizona Judgment Funds") have been, or will be, seized by the Government pending forfeiture. For my part, I have been clear with Richard that while we do not believe such a seizure was, or would be, effective or appropriate, we have maintained the Trust Funds intact and will continue to do so pending an orderly resolution of these questions, either by agreement amongst us or by the Court.

---

[1]   Mr. Byrd is also entitled to the return of certain automobiles seized in the Arizona Case, but we have agreed with your office and the AGO to liquidate those cars and to hold the proceeds of such liquidation pending resolution of the issues described in this letter.

Perkins Coie LLP

Richard Kay
Jim Warwick
October 7, 2015
Page 2

In summary, our position is that the money paid to Mr. Byrd in partial satisfaction of judgment is rightfully his to use and that he is entitled to be paid, and to use, the money still owed to him under the Arizona judgment. To further be clear, it is Mr. Byrd's intention to use the entirety of the Arizona Judgment Funds to retain my firm and the Findling Law Firm of Atlanta, whose principal Drew Findling is copied here, to represent Mr. Byrd in the criminal action your office has brought against him in the District of Maryland. Provided the Arizona Judgment Funds are released to pay our fees, Mr. Findling and I stand ready to assume Mr. Byrd's defense.

The Arizona Judgment Funds that were paid, or are still owed, to Mr. Byrd by the State of Arizona were, or should be, paid to him by the State to satisfy an enforceable judgment. Especially under these circumstances, where no other funds exist to fund a defense, the Government's restraint of these funds raises obvious and severe constitutional questions. Mr. Findling and I hope to avoid litigating these questions by securing your confirmation that the Government consents to the release and use of the Arizona Judgment Funds for the exclusive purpose of funding Mr. Byrd's defense.

We would appreciate your response as soon as possible. If we cannot reach an agreement on this issue, please expect us to file a motion for appropriate relief with Judge Bennett.

Sincerely,

Jean-Jacques Cabou

cc: Drew Findling, Esq.

JC:mv

79933-0002/128142368.1

Perkins Coie LLP

FILED
3/18/2013 9:100 m
MICHAEL K. JEANES, Clerk
By D. Glab, Deputy

# ARIZONA SUPERIOR COURT
## MARICOPA COUNTY

STATE OF ARIZONA,

    Plaintiff,

v.

RICHARD BYRD, aka ROBERT SMITH, aka DEANDRE BYRD, aka, CHRISTOPHER BYRD; STACIE STEWART; SHANTEL ROSHELL; KIMBERLY REID; LINCOLN DAVIS; LAURA IRROBALI; NAJAH STEWART; TEN FINDERS ENTERTAINMENT; DEANDRE BYRD ENTERTAINMENT; DEANDRE BYRD ENTERTAINMENT,

    Defendants *In Personam*,

and

THE PROPERTY DESCRIBED IN APPENDIX ONE,

    Defendants *In Rem*.

Case No. CV2012-000121

**FINAL JUDGMENT**

    **Whereas**, the State of Arizona filed this action *in rem* and *in personam* against certain property and defendants;

    **Whereas**, Claimant/Defendant Richard C. Byrd appeared, defended, and filed a proper claim for items seized and sued *in rem* and designated in Appendix 1 to the State's Verified Complaint as: 2.1, 2.5, 2.6, 2.7, 2.8, 4.1, 4.2, 4.3, 4.4, 4.5, 4.6, 4.7, 4.8, 6.9 and 6.11 (the "Claimed Property"), described in Appendix 1 as follows:

- Item 2.1: $749,080 in U.S. currency seized from 5346 E. Royal Palm Rd., Paradise Valley, AZ 85253-2528;
- Item 2.5: $1,300 in U.S. currency seized from 5346 E. Royal Palm Road, Paradise Valley, AZ (white envelope on the northwest wall);

- Item 2.7: $267,920.00 in U.S. Currency seized from a black rolling suitcase in the possession of Richard Byrd;
- Item 2.8: $18,000 in U.S. Currency seized from the 2002 Chevrolet Suburban, VIN 1GNEC1616ZX2J306541, AZ Plate No. ANK4399;
- Item 4.1: 2006 White Mercedes, AZ License Plate #AJR8574, VIN: 4JGCB75E16A016484;
- Item 4.2: 2007 Silver Mercedes, AZ License Plate #AMC7192, VIN: WDDNG71X17A044685.
- Item 4.3: 2009 Black BMW, AZ Temp. License Plate #0N00644, VIN: WBAKB83539CY58273;
- Item 4.4: 2010 Can Am Spyder Motorcycle, AZ License Plate #62L6MC, VIN: 2BXJADA16AV000230;
- Item 4.5: 2008 Mercedes CLS 550, CA License Plate #6NWK853, VIN: Unknown;
- Item 4.6: 2007 Mercedes SL500, CA License Plate #6MTF429, VIN: WDDNG71X47A032480; and
- Item 4.7: 2007 Cadillac Escalade, License Plate: Unknown, VIN: 1GYEC638X7R260987.
- Item 4.8: 2002 Chevrolet Suburban, AZ Plate No. ANK4399, VIN 1GNEC16ZX2J306541;
- Item 6.9: 1 Black rolling suitcase in the possession of Richard Byrd.
- Item 6.11: The keys for the 2002 Chevrolet Suburban, VIN 1GNEC16ZX2J306541, AZ Plate No. ANK4399.

**Whereas,** by order of this Court dated February 15, 2013 the Court dismissed the Complaint with prejudice; and

In conformity with this Court's Order of February 15, 2013, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1) That the State of Arizona's Complaint as to the Claimed Property is dismissed with prejudice, the State of Arizona taking nothing thereby;

2) That judgment is entered against the State of Arizona and in favor of Richard C. Byrd as to the Claimed Property;

3) That judgment is entered against the State of Arizona and in favor of Richard C. Byrd as to the State's *in personam* claims against Mr. Byrd and against all other *in personam* defendants;

4) That the State is ORDERED to return the following property to Mr. Byrd (the Item numbers corresponding to those listed in the State's Complaint):

- Item 2.1: $749,080 in U.S. currency seized from 5346 E. Royal Palm Rd., Paradise Valley, AZ 85253-2528;
- Item 2.5: $1,300 in U.S. currency seized from 5346 E. Royal Palm Road, Paradise Valley, AZ (white envelope on the northwest wall);
- Item 4.1: 2006 White Mercedes, AZ License Plate #AJR8574, VIN: 4JGCB75E16A016484;
- Item 4.2: 2007 Silver Mercedes, AZ License Plate #AMC7192, VIN: WDDNG71X17A044685.
- Item 4.3: 2009 Black BMW, AZ Temp. License Plate #0N00644, VIN: WBAKB83539CY58273;
- Item 4.4: 2010 Can Am Spyder Motorcycle, AZ License Plate #62L6MC, VIN: 2BXJADA16AV000230;
- Item 4.5: 2008 Mercedes CLS 550, CA License Plate #6NWK853, VIN: Unknown;
- Item 4.6: 2007 Mercedes SL500, CA License Plate #6MTF429, VIN: WDDNG71X47A032480; and
- Item 4.7: 2007 Cadillac Escalade, License Plate: Unknown, VIN:

1GYEC638X7R260987.

5) That the State is ordered to pay to Mr. Byrd any interest accrued on the monies listed above in Items 2.1, 2.5, 2.7, and 2.8.

6) That Mr. Byrd is the prevailing party in this racketeering action, as defined by A.R.S. § 13-2314(A) and that he is therefore entitled to an award of attorneys' fees in an amount to be entered by the court pursuant to that Section and Arizona Rule of Civil Procedure 58(a).

7) That Mr. Byrd is entitled to recover his taxable costs pursuant to A.R.S. § 12-341. Mr. Byrd shall file an application for attorneys' fees and statement of costs ~~no~~ within 20 days of the entry of this order ~~later than March 15, 2013,~~ which the Court will consider in due course.

8) That the order for return of property is stayed until April 1, 2013, as described further in the Court's order of February 15, 2013.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any other claim for relief asserted by any party in this action and not addressed herein is denied[1], that there is no just cause for delay in the entry of this Judgment, and that the Clerk of the Superior Court is directed to immediately enter this Judgment.

DONE IN OPEN COURT this 18th day of March, 2013.

Hon. Lisa Daniel Flores
Superior Court Judge

---

[1] As noted in the Court's order of February 15, 2013, because of the relief granted in that Order and this Judgment, the Court does not reach the issues presented by Mr. Byrd's 12(b)(6) motion nor does the Court reach the issue of whether probable cause for the seizures existed at the time of the evidentiary hearing in this matter.

NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Plaintiff/Appellant*,

v.

RICHARD BYRD aka ROBERT SMITH aka DEANDRE BYRD aka CHRISTOPHER BYRD, *Defendant/Appellee*.

and

THE PROPERTY DESCRIBED IN APPENDIX ONE, *Defendants In Rem*.

No. 1 CA-CV 13-0181
FILED 5-28-2015

Appeal from the Superior Court in Maricopa County
No. CV2012-000121
The Honorable Lisa Daniel Flores, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jeffrey R. Borup, Katrin M. Nelson
*Counsel for Plaintiff/Appellant*

Perkins Coie LLP, Phoenix
By Jean-Jacques Cabou, D. Andrew Gaona
*Counsel for Defendant/Appellee*

STATE v. BYRD
Decision of the Court

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Peter B. Swann joined.

---

W I N T H R O P, Judge:

¶1  The State of Arizona ("State") appeals the superior court's order dismissing its case against Richard Byrd ("Byrd") with prejudice. The State alleges the superior court erred when it (1) determined the State violated Byrd's due process rights; (2) dismissed the State's case with prejudice; and (3) failed to determine whether there was probable cause for forfeiture when it held a hearing pursuant to Arizona Revised Statutes ("A.R.S.") section 13-4310(B).[1] For the following reasons, we affirm the superior court's order dismissing the State's case with prejudice.

### FACTS AND PROCEDURAL HISTORY

*I.  First Forfeiture Action*

¶2  On February 17, 2011, Byrd represented himself as a buyer in a transaction to purchase 2,700 pounds of marijuana. The Chandler Police Department arrested Byrd that same day. On March 7, 2011, detectives from the Arizona Financial Crimes Task Force executed a search warrant at Byrd's residence. During this search, the detectives found and seized a substantial amount of cash bundled in varying amounts, several cars, and other personal property. On March 28, 2011, in accordance with A.R.S. § 13-4308(B), the State filed a "Notice of Pending Forfeiture and Notice of Seizure for Forfeiture," which detailed the property subject to forfeiture. The State subsequently filed two supplemental notices, listing additional property intended to be seized and forfeited. Byrd filed a notice of claim to the seized property on April 26, 2011.

¶3  On May 25, 2011, two days before its forfeiture complaint was due, the State filed a motion to extend time for filing its complaint until July 26, 2011, stating that negotiations between the parties had failed, and that

---

[1]  We cite the current Westlaw version of the applicable statutes because no revisions material to this decision have since occurred.

2

the State needed additional time to comply with A.R.S. § 13-4308(B). The superior court granted the motion the following day without waiting for a response from Byrd. On June 3, 2011, Byrd and his wife, Stacie Steward[2], filed a response and a separate motion to return Byrd's property, alleging the plain language of A.R.S. § 13-4308(B) did not allow the State to maintain possession of Byrd's property when it failed to file its forfeiture complaint within sixty days and that the deadline for filing a complaint could not be extended. The superior court set oral argument on this motion for August 10, 2011.

¶4   The State ultimately filed its verified complaint on July 26, 2011. The State alleged that, beginning in November 2009, Byrd engaged in illegal conduct including forgery, possession and sale of marijuana, fraudulent schemes, money laundering, and participation in a criminal syndicate. Five days before the scheduled oral argument on Byrd's motion to return his property, Byrd retained new counsel, who immediately filed a motion to vacate the pending argument. The superior court granted the motion, re-setting the argument for December 2, 2011. In addition, Byrd filed a motion to transfer the case to complex civil litigation court, which the State joined, and the case was subsequently transferred.

¶5   On October 17, 2011, Byrd moved to dismiss the complaint on the basis that the State had failed to properly allege the predicate acts of racketeering under the Arizona Racketeering Act. One day prior to the scheduled oral argument on Byrd's motion to return the subject property, the State filed a notice of voluntary dismissal of the forfeiture complaint pursuant to Ariz. R. Civ. P. 41(a) and a "Notice of Release of Property from Seizure for Forfeiture." That same day, after filing the notice of release, the State re-seized the subject property for forfeiture. The superior court dismissed the action the following day, December 2, 2011.[3] Byrd immediately filed a motion for release of his property that same day. Byrd then filed an application on December 16, 2011 for an order to show cause pursuant to A.R.S. § 13-4310(B). On February 16, 2012, the superior court determined that all pending matters in the first forfeiture action were moot

---

[2]   The State subsequently settled with Stacie Steward, and she is not a party to this appeal.

[3]   Byrd alleges the State "informed the Court of its release and re-seizure and handed Mr. Byrd's counsel a copy of a new Notice of Pending Forfeiture" in court on December 2, 2011.

because the voluntary dismissal of the complaint had divested the court of jurisdiction. The superior court, after several motions and oral argument, subsequently awarded Byrd $46,833 in attorneys' fees.

## II.   Second Forfeiture Action

¶6        On January 3, 2012, the State filed a second "Notice of Pending Forfeiture and Notice of Seizure for Forfeiture."[4] Byrd again filed an initial claim of lawful interest in the property. The State subsequently filed a second verified forfeiture complaint on March 5, 2012. Byrd then re-urged his application to show cause pursuant to A.R.S. § 13-4310(B) on April 12, 2012. The State responded, asserting no probable cause hearing was necessary because a judicial determination of probable cause had already been made, and that Byrd's request for a hearing was untimely. In addition, the State attached a seizure warrant issued by Judge Joseph C. Welty on December 19, 2011, under the original forfeiture action's cause number. The superior court granted Byrd's request for a probable cause hearing, but before such hearing occurred, the State applied for, and was granted, an order of forfeiture on the subject property.[5] Byrd then filed a motion to dismiss the second verified complaint. The superior court subsequently conducted a three day evidentiary hearing regarding the application for an order to show cause.

¶7        As requested by the superior court, both parties submitted written closing arguments. In his closing argument, Byrd asked the superior court to dismiss the State's second verified complaint with prejudice as a sanction for the State's "outrageous conduct." In its summation, the State noted that the re-seizure of the subject property was "nowhere near as objectionable or intrusive as those unlawful seizures [previously] upheld by the courts," and denied violating Byrd's due process rights. In a detailed ruling, the superior court dismissed the action with prejudice, finding "[t]hrough a continuing course of conduct, the State deprived [Byrd] of the prompt hearing he was entitled to. The result was that [Byrd's] property was retained by the State for an unreasonable,

---

4       This filing generated a new cause number.

5       The State requested an Order for Forfeiture alleging the statutory time periods prescribed by A.R.S. § 13-4311 had expired and no timely claim had been properly filed relating to said property. The State filed a proposed "Judgment: Findings of Fact, Conclusions of Law, and Order of Forfeiture" for entry by the Court pursuant to A.R.S. § 13-4314.

STATE v. BYRD
Decision of the Court

excessive period of time in violation of [Byrd's] right to Due Process." In addition, the superior court expressly declined to address whether probable cause existed at the time of the hearing for the seizures, and the other issues raised in Byrd's 12(b)(6) motion to dismiss. The State filed a timely notice of appeal. The superior court subsequently awarded Byrd $123,275.01 in attorneys' fees.

## ANALYSIS

¶8         The State alleges the superior court erred when it (1) determined the State violated Byrd's due process rights; (2) dismissed the State's case with prejudice; and (3) failed to determine whether there was probable cause for forfeiture when it held a hearing pursuant to A.R.S. § 13-4310(B). We need not reach the issue of whether the actions by the State amount to a violation of Byrd's due process rights. The State repeatedly violated applicable Arizona forfeiture statutes, and on this basis, we affirm the trial court's order dismissing the State's case with prejudice. *See Dube v. Likins*, 216 Ariz. 406, 417 n.3, ¶ 36, 167 P.3d 93, 104 n.3 (App. 2007) (stating this court affirms the ruling of the trial court if it is correct for any reason).

¶9         Exercising its inherent sanction authority, the superior court dismissed the current action against Byrd with prejudice, finding that the State had denied Byrd his due process rights "by the combination of violating Arizona forfeiture statutes and its conduct to delay resolution for an unreasonable, excessive period of time." We review the imposition of sanctions for an abuse of discretion. *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 153, ¶ 40, 211 P.3d 16, 31 (App. 2009); *see also Woodworth v. Woodworth*, 202 Ariz. 179, 180, ¶ 2, 42 P.3d 610, 611 (App. 2002) ("Sanctions are left to the sound discretion of the trial court."). In conducting our review, we defer to the trial court's findings of fact unless clearly erroneous, but review questions of law *de novo*. *Valley Med. Specialists v. Farber*, 194 Ariz. 363, 366, ¶ 9, 982 P.2d 1277, 1280 (1999); *Matter of U.S. Currency In the Amount of $315,900.00*, 183 Ariz. 208, 211, 902 P.2d 351, 354 (App. 1995).

¶10         From a procedural standpoint, both the first and second forfeiture actions were extensively litigated. We agree with the superior court that the issues raised in the first forfeiture action cannot now be re-litigated, but the facts and procedural history are nonetheless relevant in determining whether the State failed to comply with Arizona forfeiture statutes.

STATE v. BYRD
Decision of the Court

¶11       In the first forfeiture action, the State failed to timely file its verified complaint as required by A.R.S. § 13-4308(B).[6] Notwithstanding a timely demand to release the property, the State did not do so. Instead, several months later, on the eve of the hearing regarding Byrd's motion to return the subject property, the State unilaterally dismissed the case and immediately re-seized the property. The following day, the superior court formally dismissed the original action. At that time, the State provided Byrd's counsel with a notice, indicating Special Agent Adelstein of the Arizona Attorney General's Office had re-seized the property. Byrd then filed several motions for relief under the original forfeiture action cause number, but the superior court determined these pending matters were moot because the original forfeiture action had been dismissed, divesting the court of jurisdiction to deal with substantive issues arising out of the forfeiture action.

¶12       Meanwhile, the State filed a new notice of pending forfeiture on January 3, 2012, formally initiating the second forfeiture action. Of course, the property had already been physically re-seized on December 1, 2011. Byrd again filed his claim of interest in the subject property. Inexplicably, the State did not file its second (but essentially identical) verified complaint until March 5, 2012, 95 days after the property was seized, and 62 days after the second notice of pending forfeiture.[7] In April 2012, Byrd re-urged his previous application for an order to show cause. The State opposed the motion, alleging a judicial determination of probable cause had already been made, and that Byrd's request was untimely, attaching the seizure warrant issued by Judge Welty on December 19, 2011,

---

[6]       The superior court is authorized to grant an extension of time to file a complaint. *See* Ariz. R. Civ. P. 6(b). A.R.S. § 13-4308(B), however, expressly states that if the State fails to initiate forfeiture proceedings within sixty days of a notice of pending forfeiture, the subject property "shall be released from its seizure for forfeiture on the request of an owner or interest holder." The trial court is obligated under this statute to release property from its seizure for forfeiture when the State fails to timely act and a defendant requests the property be released. *In re $3,636.24 Three Thousand Six Hundred Thirty Six Dollars and 24/100 U.S. Currency,* 198 Ariz. 504, 506, ¶ 15, 11 P.3d 1043, 1045 (App. 2000). This did not occur here.

[7]       The State's complaint was due by March 3, 2012, which fell on a Saturday. Accordingly, the State timely filed its complaint the following Monday, March 5, 2012. *See* Ariz. R. Civ. P. 6(a).

6

STATE v. BYRD
Decision of the Court

under the cause number of the first forfeiture action. In making this argument, the State did not advise the court that its unilateral dismissal of the first action deprived the superior court of jurisdiction and thus its ability to timely address Byrd's prior repeated applications to show cause and for release of the property. Further, the State without any substantial justification argued that Byrd had failed to timely comply with A.R.S. § 13-4310(B).[8]

¶13     At the evidentiary hearing regarding Byrd's application to show cause, Special Agent Adelstein testified that the State asked him in December of 2011 to determine whether probable cause existed to re-seize the property, expressing concern that, if probable cause was not found and the property was released, it would not be subject to re-seizure. Special Agent Adelstein's only prior involvement in this case occurred when he served seizure warrants on various banks. In determining that the State did have probable cause to re-seize the subject property, Special Agent Adelstein reviewed only a draft of an affidavit prepared by Phoenix Police Detective Shallue and Arizona Department of Public Safety Detective Kleinman.[9] This draft was eventually finalized and signed by the two detectives and presented to Judge Welty to obtain the seizure warrant. After the conclusion of the evidentiary hearing, the superior court ultimately dismissed the State's case with prejudice.

¶14     Based on the record before this court, the superior court did not abuse its discretion when it dismissed the State's case with prejudice, as the State repeatedly delayed resolution of this case in violation of Arizona

---

[8]    Byrd timely requested a hearing within fifteen days of the re-seizure, and prior to the "judicial determination of probable cause" found in the seizure warrant signed by Judge Welty. The State contends Byrd's application was untimely because it was filed under the "wrong cause number" and was later determined to be moot by the superior court for lack of jurisdiction; as previously noted, it was the State's action in unilaterally dismissing the first complaint that purportedly divested the court of jurisdiction. It was the State's delay in filing a new complaint that left Byrd with the only option of filing this application under the former cause number.

[9]    The detectives, as participants in the investigation against Byrd, took part in drafting affidavits in support of both the first and second seizure warrants.

STATE v. BYRD
Decision of the Court

forfeiture statutes.[10] Specifically, the State's failure to file both a notice of pending forfeiture and the verified complaint in a reasonable time after the State unilaterally dismissed its case and re-seized the subject property deprived the superior court of jurisdiction to timely address Byrd's repeated claims to his property under the original forfeiture action.[11] The State's practices – whether intentional or merely inexcusably dilatory – continually denied Byrd a timely and meaningful opportunity to contest the State's seizure – and re-seizure – of his property under Arizona forfeiture statutes.[12]

¶15    Accordingly, the superior court did not abuse its discretion when it dismissed the State's case with prejudice as a sanction when the State repeatedly violated Arizona forfeiture statutes. We acknowledge that less drastic sanctions exist and were arguably available to the superior court, and, absent extreme circumstances, a forfeiture complaint should not be dismissed. *Birds Int'l Corp. v. Arizona Maintenance Co., Inc.*, 135 Ariz. 545,

---

[10]   We acknowledge that Byrd also filed some motions that extended the time and increased the complexity of this litigation, however, Byrd's motions did not serve to frustrate the forfeiture process and statutes and were a legitimate exercise of his rights.

[11]   A.R.S. § 13-4308(B) provides that a forfeiture action "shall be commenced within seven years after actual discovery of the last act giving rise to forfeiture." We acknowledge that the State was not required to immediately file a second notice of pending forfeiture or verified complaint. On this record, however, we cannot say the superior court erred in determining that the State acted unreasonably. The State dismissed the first action and simultaneously re-seized the property, but then waited over one month to file a second notice of pending forfeiture that was substantially similar to the first notice. During this time, the State was aware that Byrd was actively seeking the return of his property. By dismissing the first action and failing to promptly initiate a second action, the State precluded the superior court's timely consideration of Byrd's various motions.

[12]   Moreover, the State avowed to the superior court that no probable cause hearing was necessary; however, the superior court found the State was not forthcoming with all the pertinent information when it requested that Judge Welty and Special Agent Adelstein find probable cause for the re-seizure of Byrd's property, and we cannot conclude such findings were clearly erroneous.

8

STATE v. BYRD
Decision of the Court

547, 662 P.2d 1052, 1054 (App. 1983); *Green* at 153, ¶ 40, 211 P.3d at 31. The superior court evaluated the severity of its decision, noting that Byrd faced "substantial financial penalties" if convicted of the predicate offenses.[13] The repeated violations of Arizona forfeiture statutes perpetrated by the State exemplify the extreme circumstances where dismissal with prejudice is appropriate. The State had several opportunities at which it could have remedied its procedural errors, however, it chose to take alternative routes that contravened the applicable forfeiture statutes. We see no abuse of discretion in the superior court's decision to dismiss the State's case with prejudice.

¶16       Finally, the superior court did not err when it did not reach the merits of the other issues raised in Byrd's motion to dismiss, or determine whether probable cause existed when it conducted a hearing pursuant to A.R.S. § 13-4310(B). The superior court determined that the appropriate sanction for failing to comply with Arizona forfeiture statutes was dismissal of the forfeiture case with prejudice. This sanction was dispositive to the remaining motions/issues before the court. Accordingly, the superior court did not err when it declined to address these remaining issues.

¶17       Byrd requests attorneys' fees on appeal pursuant to Ariz. R. Civ. App. P. 21(c) and A.R.S. § 13-2314(A). In our discretion, we deny his request for attorneys' fees. Conditioned upon compliance with Ariz. R. Civ. App. P. 21, we award Byrd his costs on appeal.

---

[13]   Although the superior court did not make this finding, we take judicial notice of the fact that substantially similar federal charges are also currently pending against Byrd.

STATE v. BYRD
Decision of the Court

## CONCLUSION

¶18 For the foregoing reasons, we affirm the superior court's order dismissing the State's case against Byrd with prejudice.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama