*Exhibit E*

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
10/04/2012 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2011-005949                                                       10/01/2012

                                                           CLERK OF THE COURT
HONORABLE ARTHUR T. ANDERSON             L. Nelson
                                                             Deputy

STATE OF ARIZONA, et al.                          JEFFREY RYAN BORUP

v.

RICHARD CHRISTOPHER BYRD              JEAN JACQUES CABOU


                                                          CAMERON A MORGAN
                                                          KENNETH W RAVENELL


**RULING**

The Court has considered Defendant Richard Byrd's Motion for Attorneys' Fees, the State's Response, the Reply in Support, and arguments of counsel.

The Court has also considered the Supplemental Briefs filed by the parties.


**§ 13-2314. Racketeering**

On July 26, 2011, the Sate filed a Verified Complaint for non-classified civil racketeering, and forfeiture against Byrd and certain property.[1] On December 1, 2011, pursuant to Rule 41(a), Ariz. R. Civ. Pro., the State dismissed the action without prejudice.[2] Byrd, now seeks an award of attorneys' fees pursuant to A.R.S. § 13-2314(A) and Rule 54(g) Ariz. R. Civ. Pro.

---

[1] Three Notices of Pending Forfeiture were previously filed.
[2] Pending were Byrd's Motion to Dismiss and Motion for Return of Property.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2011-005949                                                                                    10/01/2012


**§ 13-2314. Racketeering; civil remedies by this state; definitions**

**A.**  The attorney general or a county attorney may file an action in superior court on behalf of a person who sustains injury to his person, business or property by racketeering as defined by § 13-2301, subsection D, paragraph 4 or by a violation of § 13-2312 for the recovery of treble damages and the costs of the suit, including reasonable attorney fees, or to prevent, restrain, or remedy racketeering as defined by § 13-2301, subsection D, paragraph 4 or a violation of § 13-2312. **If the person against whom a racketeering claim has been asserted, including a forfeiture action or lien, prevails on that claim, the person may be awarded costs and reasonable attorney fees incurred in defense of that claim.** In actions filed by the state or a county, awards of costs and reasonable attorney fees are to be assessed against and paid from monies acquired pursuant to §§ 13-2314.01 and 13-2314.03.

(emphasis added)

Byrd, citing *Vicari v. Lake Havasu City*, 222 Ariz. 218 (App. 2009) contends that attorneys' fees can be awarded following a Rule 41(a) dismissal and argues that he is the prevailing party under A.R.S. § 13-2314(A).


**FORFEITURE PROCEEDING**

The State maintains that attorneys' fees are not recoverable under A.R.S. § 13-4314(E) if the Court finds "reasonable cause"[3] for the seizure or the Notice of Forfeiture. The State argues that since any award of attorney's fees would ultimately be a judgment, the statute precludes such an award. The statute provides:

**§ 13-4314. Disposition by Court**

\*   \*   \*   \*

**E. On entry of judgment for a claimant or claimants** in any proceeding to forfeit property under this chapter such property or interest in property shall be returned or conveyed immediately to the claimant or claimants designated by the court. If it appears that there was **reasonable cause** for the seizure for forfeiture or for the filing

---

[3] The State contends that the probable cause found in support of the seizure warrant is sufficient to constitute "reasonable cause" under A.R.S. § 13-4314(E).

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2011-005949                                                                   10/01/2012

>   of the notice of pending forfeiture, complaint, information or indictment, the court
>   shall cause a finding to be entered, and the claimant is not, in such case, entitled to
>   costs or damages, nor is the person or seizing agency that made the seizure, nor is the
>   attorney for the state liable to suit or judgment on account of such seizure, suit or
>   prosecution.

(Emphasis added)

This action was terminated by a Rule 41(a) dismissal and not by a judgment for the claimant. Minute Entry dated December 2, 2011.  Therefore, the State's reliance on A.R.S. § 13-4314(E) and the defense "reasonable cause" is misplaced.[4]

The Court is persuaded that Byrd was not precluded from seeking attorneys' fee because the action was terminated pursuant to Rule 41(a) and that he was the prevailing party under A.R.S. § 13-2314(A).

**IT IS ORDERED** granting Byrd's Motion for Attorneys' fees pursuant to A.R.S. § 13-2314(A).

**IT IS FURTHER ORDERED** that counsel shall file a separate application for fees pursuant to *China Doll.*

ALERT:  The Arizona Supreme Court Administrative Order 2011-140 directs the Clerk's Office not to accept paper filings from attorneys in civil cases.  Civil cases must still be initiated on paper; however, subsequent documents must be eFiled through AZTurboCourt unless an exception defined in the Administrative Order applies.

---

[4] Because Byrd never filed an Answer, he was procedurally prevented from filing a request for fees.