IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
|  | * | Civil Action No.: RDB-14-186 |
| v. | * | |
| RICHARD BYRD, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In this case, Defendant Richard Byrd is charged with (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 841; and (2) conspiracy to engage in monetary transactions in illegally obtained property related to the alleged narcotics trafficking conspiracy, in violation of 18 U.S.C. § 1956(h). On October 14, 2015, the Government filed the pending Motion for Order to Compel Compliance with Seizure Warrant (ECF No. 223), requesting, *inter alia*, that this Court command the law firm of Perkins Coie to comply with a valid seizure warrant signed by the Honorable Beth P. Gesner, United States Magistrate Judge of this Court, on July 12, 2013. The subject of the seizure warrant is the sum of $763,898.06 (plus accrued interest), held in a trust account by Perkins Coie for the

Defendant. Byrd wishes to uses these funds to retain Perkins Coie to represent him in the pending criminal case before this Court.[1]

On December 17, 2015, this Court held a hearing to determine whether a pretrial probable cause hearing under *United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001), is warranted. Following the hearing, this Court issued an Order (ECF No. 256) granting in part and continuing in part the Government's Motion for Order to Compel Compliance with Seizure Warrant.[2] This Court also issued an Order (ECF No. 255) to confirm the briefing schedule for a *Farmer* hearing scheduled for January 8, 2016. The Orders are incorporated herein. For the reasons stated on the record and below, this Court holds that the Defendant has satisfied the threshold set forth by the United States Court of Appeals for the Fourth Circuit in *United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001), to obtain a pretrial probable cause hearing on the assets in question. This Memorandum Opinion supplements the Orders of December 17, 2015.

BACKGROUND

Defendant Richard Byrd is charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 841 (Count One); and conspiracy to engage in monetary transactions in illegally obtained property related to the alleged narcotics

---

[1] Counsel from Perkins Coie have entered their appearance in this case solely to argue that the funds in Perkins Coie's possession are not subject to forfeiture. With respect to the pending criminal charges, Byrd is represented by court-appointed attorneys, William Brennan, Jr. and William Mitchell, Jr.
[2] Specifically, this Court granted the Government's Motion with respect to seven vehicles held by Perkins Coie and certain assets held by the State of Arizona, directing the United States Marshals Service to hold all of the property pending further Order of this Court. This Court continued the Government's Motion with respect to the monetary funds held by Perkins Coie pending the *Farmer* hearing before this Court on Friday, January 8, 2016.

trafficking conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two). The charges stem from an investigation into the alleged narcotics trafficking and money laundering scheme perpetrated by Byrd and his co-defendants.[3] Due to the prolonged nature of the investigation, the facts are detailed and extensive. This Court will thus recount only those facts relevant to the pending Motion.

On February 17, 2011, Arizona law enforcement arrested Byrd after he allegedly negotiated to purchase 2,200 pounds of marijuana from undercover officers. The officers seized $267,920 in cash, with which Byrd had allegedly intended to buy the first 500 pounds of marijuana. Law enforcement then executed a search warrant at Byrd's residence, seizing $749,080 in cash, as well as other assets. The State of Arizona subsequently filed a civil forfeiture action in the Arizona Superior Court against the seized property. However, the Arizona Superior Court ultimately dismissed the action due to due process violations committed by the State in conducting the case. Accompanied by a protective order prohibiting Byrd's dissipation or transfer of the subject funds, Arizona authorities released a check for $763,898.06 (plus accrued interest) to Perkins Coie, counsel for Byrd at the time. The funds remain in a trust account held by Perkins Coie.[4]

During the pendency of the Arizona state proceedings, the Government was conducting a federal investigation into Byrd's participation in the alleged narcotics trafficking and money laundering scheme. Among other actions, the Government applied for a seizure warrant regarding numerous specific assets, including the assets at issue in this Motion,

---

[3] Byrd's five co-defendants—Maurice Jones, Rasan Byrd, Kimberly Reid, James Bowie, and Richard Drummond—have each pled guilty to their respective charges.
[4] Perkins Coie, along with the State of Arizona, has also been in possession of the seized vehicles that are the subject of this Court's Order (ECF No. 256) of December 17, 2015.

alleging that the assets were proceeds traceable to the alleged illegal activities of Byrd and his associates. The Honorable Beth P. Gesner, United States Magistrate Judge of this Court, issued the requested seizure warrant on July 12, 2013. The following day, federal agents executed the warrant by delivering a copy to Perkins Coie.

A year later, a grand jury in this District returned a Superseding Indictment (ECF No. 41) that provided notice of the Government's intention to seek forfeiture of all assets traceable to the drug offense and forfeiture of any property used in the money laundering offense. A Second Superseding Indictment (ECF No. 231) was returned on October 20, 2015, again describing the assets traceable to Byrd's alleged criminal offenses.

The Arizona Court of Appeals affirmed the judgment of dismissal with prejudice by the Arizona Superior Court on May 28, 2015. Perkins Coie continued to hold the subject assets for Byrd. On October 7, 2015, Byrd notified the Government that he intended to use the funds held in the trust account to retain Perkins Coie to represent him in the present criminal case.  The Government, however, contends that, as proceeds traceable to the crimes for which Byrd is charged, he has no right under the Sixth Amendment to use these funds. Byrd maintains that the Government is not entitled to seize the assets in question, and thus requests a pretrial probable cause hearing pursuant to *United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001).

## ANALYSIS

In moving to compel Perkins Coie to comply with the seizure warrant of July 12, 2013, the Government argues that two findings of probable cause—the first by Judge Gesner, and the second by a grand jury—are more than sufficient to support a seizure of the

assets. Forfeiture is critical, the Government argues, because Byrd intends to dissipate the assets to retain Perkins Coie. Byrd asserts two arguments in opposition to the Government's Motion. First, he contends that this Court is collaterally estopped from considering the forfeiture of the assets in question. Even if collateral estoppel does not apply, he next argues that he is entitled to a pretrial probable cause hearing prior to forfeiture. This Court will address each argument in turn.

### A. Collateral Estoppel

As a preliminary matter, Byrd argues that the Government may not pursue forfeiture in this Court due to the prior civil forfeiture judgment of the Arizona state courts. Generally, collateral estoppel is applied to prevent re-litigation of fully determined issues in a second legal proceeding. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). In keeping with the statutory requirement that federal courts must give "full faith and credit" to state court judgments, 28 U.S.C. § 1738, the federal court applies the "preclusion rules [of the state court forum] to determine whether a prior state court judgment has [preclusive] effect." *Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach*, 420 F.3d 322, 327 (4th Cir. 2005) (citing *Dionne v. Mayor and City Council of Baltimore*, 40 F.3d 677, 682 (4th Cir. 1994)). This Court will thus look to Arizona law to determine whether collateral estoppel applies.

Under Arizona law, collateral estoppel is triggered if "the issue sought to be relitigated [is] precisely the same as the issue in the previous litigation; a final decision on the issue [was] necessary for the judgment in the prior litigation; [and] there [was] mutuality of parties." *State v. Jimenez*, 634 P.2d 950, 952 (Ariz. 1981) (internal citation omitted). The "final decision" of the prior judgment must be "a valid and final decision on the merits." *Garcia v.*

*General Motors Corp.*, 990 P.2d 1069, 1073 (Ariz. Ct. App. 1999). Mutuality arises when "one who prosecutes or defends a suit in the name of another to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own" attempts to relitigate previously-decided matters. *Montana v. United States*, 440 U.S. 147, 154 (1979) (quoting *Souffront v. Compagnie des Sucreries*, 217 U.S. 475, 486-87 (1910)). After all, "the persons for whose benefit and at whose direction a cause of action is litigated cannot be said to be 'strangers to the cause.'" *Montana*, 440 U.S. at 154 (quoting *Souffront*, 217 U.S. at 486).

In this case, the prior judgment concerned the forfeiture of the assets in question, the precise issue upon which the Government's Motion is focused. Next, the Arizona Superior Court's dismissal with prejudice of the civil forfeiture action is a final judgment on the merits under Arizona law, even if that court did not actually address the specific merits of the State's case. *See Torres v. Kennecott Copper Corp.*, 488 P.2d 477, 479 (Ariz. 1971) (holding that a "dismissal with prejudice is a judgment on the merits."). Yet, Byrd's argument for collateral estoppel falters at the third element. Mutuality simply is not present, as the Government did not participate in the prosecution of the Arizona state forfeiture action. The Government monitored the status of Arizona's investigation and prosecution, but it conducted its own separate federal investigation. During the December 17, 2015 hearing, counsel for Defendant asserted that the mere alignment of interests between the State of Arizona and the Government is sufficient to find mutuality. This argument, however, rends the mutuality requirement meaningless. Arguably, the Government and a state share common interests in prosecuting drug crimes in most, if not all, cases. Mere alignment of interests cannot

automatically support a finding of mutuality, otherwise such a finding would be made in nearly every case. *Accord United States v. Safari*, 849 F.2d 891, 893 (4th Cir. 1988); *see also United States v. Mejias*, 552 F.2d 435, 444 (2d Cir. 1977). Accordingly, the Government is not collaterally estopped from seeking the forfeiture of the assets held by Perkins Coie.

### B. Request for a *Farmer* Hearing

If collateral estoppel does not apply, Byrd seeks a pretrial probable cause hearing under *United States v. Farmer*, 274 F.3d 800, regarding the assets in question. This Court notes that Byrd pursues a *Farmer* hearing solely with respect to the monetary funds held by Perkins Coie in a trust account—a sum of $763,898.06 (plus accrued interest). Under 21 U.S.C. § 853, a court may enter a "restraining order or injunction . . . or take any other action to preserve the availability of . . . property constituting, or derived from, any proceeds the [defendant] obtained, directly or indirection, as the result" of the defendant's charged offenses. 21 U.S.C. § 853(a)-(e). Before entering such an order, a finding of "probable cause to believe that the property will ultimately be proved forfeitable" must be made. *United States v. Monsanto*, 491 U.S. 600, 615 (1989). Either a grand jury or the judge reviewing the restraining order may make the requisite probable cause finding. *See, e.g.*, *United States v. Bollin*, 264 F.3d 391, 421 (4th Cir. 2001) (holding that a grand jury finding of probable cause is sufficient).

Although a criminal defendant enjoys a clearly-established Sixth Amendment right to counsel, U.S. Const. amend. VI, he is not entitled to "use illegally obtained funds to hire an attorney for his defense." *Farmer*, 274 F.3d at 802 (discussing *Caplin & Drysdale v. United States*, 491 U.S. 617, 624-33 (1989)). As the United States Supreme Court explained in *Caplin*,

"there is a strong governmental interest in obtaining full recovery of all forfeitable assets, an interest that overrides any Sixth Amendment interest in permitting criminals to use assets adjudged forfeitable to pay for their defense." *Caplin*, 491 U.S. at 630. Yet, the defendant is entitled under the Fifth Amendment to a pretrial probable cause hearing on the assets he seeks to use. *Farmer*, 274 F.3d at 803-805. In *Farmer*, the United States Court of Appeals for the Fourth Circuit set forth two prerequisites that must be satisfied to obtain a pretrial hearing: first, the defendant must show that he has no other available assets with which to pay counsel; and second, he must make a prima facie showing that the seized assets are not subject to forfeiture. *Id.* at 804-805.

Neither party asserts that Byrd has *other* assets with which he could pay Perkins Coie. Rather, the heart of the parties' dispute lies in the second prerequisite—a prima facie showing that the seized assets are not subject to forfeiture. Byrd contends that the funds held by Perkins Coie in the trust account are not traceable to any proceeds obtained from illegal activity. First, he argues that the actual money in the account is not the money seized by law enforcement. When law enforcement seized Byrd's assets, the cash was deposited in certain Arizona state bank accounts. The money paid to Perkins Coie by the State of Arizona after the dismissal of the state civil forfeiture action, however, originated from the "Anti-Racketeering Revolving Fund." *See* Ariz. Rev. Stat. § 13-2314.01. Since this money is not the precise money seized by law enforcement, it may not be seized by the Government.

Yet, this argument stretches the bounds of 21 U.S.C. § 853 beyond reason. It ignores that money is a fungible good, and thus inherently interchangeable. The seized cash was deposited in one or more Arizona bank accounts, where the funds presumably commingled

with other funds. The State then returned part of the amount seized to Byrd using funds in another state account. These funds, now held by Perkins Coie, are the alleged proceeds from Byrd's criminal offenses. To assert otherwise would ignore the function of the forfeiture statute and the nature of money in favor of rigid formalism.

Alternatively, Byrd contends that the funds seized were derived from legitimate sources of income—namely, Griffin Nightclub, Fever Beverage, and a promotion business—and specifically *not* traceable to the criminal offenses for which he is charged. Byrd asserts that payment in the form of cash is the customary method of payment in the businesses with which he is allegedly involved. At this stage, although Byrd's proffer is absent supporting facts, he has made a prima facie showing that the assets at issue are not subject to forfeiture. The two-part *Farmer* test is merely a threshold test to reach the pretrial probable cause hearing. At the upcoming hearing, Byrd bears a heavy burden to rebut the probable cause findings made by a Magistrate Judge of this Court and a grand jury.

In sum, Byrd has demonstrated need and a prima facie showing that the assets in question are not subject to forfeiture. Accordingly, he is entitled to a pretrial probable cause hearing pursuant to *United States v. Farmer*, 274 F.3d 800.

## CONCLUSION

For the reasons stated on the record and above, this Court holds that the Defendant has satisfied the threshold set forth by the United States Court of Appeals for the Fourth Circuit in *United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001), to obtain a pretrial probable cause hearing on the assets in question. This Memorandum Opinion supplements the

Orders of December 17, 2015.


Dated: December 21, 2015                         /s/
                                          Richard D. Bennett
                                          United States District Judge