U.S. Department of Justice

United States Attorney
District of Maryland
Northern Division

*Rod J. Rosenstein*  
*United States Attorney*

*James G. Warwick*  
*Assistant United States Attorney*

*36 South Charles Street*  
*Fourth Floor*  
*Baltimore, Maryland 21201*

DIRECT: 410-209-4860  
MAIN: 410-209-4800  
FAX: 410-962-3124  
TTY/TDD: 410-962-4462

*James.Warwick@usdoj.gov*

September 1, 2016

Honorable Richard D. Bennett
United States District Judge
101 West Lombard Street
Baltimore, MD 21201

    Re: <u>United States v. Richard Byrd</u>
        Criminal No. RDB-14-0186

Dear Judge Bennett:

    I write to bring to the attention of the Court several issues which the Government believes might be raised during the trial of this matter.

    The United States will call a number of cooperating witnesses as part of its case-in-chief. These witnesses have entered pleas of guilty to conspiracy to commit narcotics violations or money laundering, and they will testify pursuant to plea agreements or pending Rule 35 motions. The Government will mark these plea agreements and Rule 35 motions for identification only at the trial. It will not seek introduction of the agreements or motions in evidence. The United States respectfully asks that this Court limit the direct and cross-examination of the witnesses concerning the nature of the agreements consistent with the guidance given in *United States v. Cropp,* 127 F.3d 354, 358 (4th Cir. 1997). Specifically, counsel should be limited to asking the witness whether they face or have received a severe penalty and a substantial period of incarceration as a result of their pleas of guilty; and whether they hope to obtain leniency in return for their testimony. No inquiry into the length of potential sentences is appropriate.

    The United States also will seek to introduce evidence that members of the conspiracy, once arrested and incarcerated, received monetary benefits through deposits to their prison commissary

accounts. These payments are most probative of the relationship among the conspirators. This also constitutes evidence of the conspiracies charged in the Second Superseding Indictment, and is relevant to corroborate crucial accomplice testimony.

The United States will be introducing business records from various entities, including, banks, airlines, and phone companies. The business records have been certified by the entities pursuant to Federal Rules of Evidence Rules 803(6) and 902(11), and the United States will rely on these written certifications to admit the documents into evidence. Should the defense have any issue with the authenticity of the records, the United States requests that it be notified on a timely basis, prior to trial, of any objections so that an appropriate custodian of records can be identified and produced in court.

Last, in order to streamline the presentation at trial, the United States will also be offering several summary charts into evidence pursuant to Federal Rule of Evidence 1006. The voluminous records summarized in those charts have been produced in discovery and will be available for examination if necessary. Again, the Government asks that the defense notify it of any issues with these charts in advance of trial so that they may be addressed before presentation to the jury.

Should the Court desire additional information concerning the matter referenced herein, the United States will promptly comply. I remain,

                                        Very truly yours,

                                            /s/

                                        James G. Warwick
                                        Kenneth S. Clark
                                        Assistant U.S. Attorneys


CC: Mr. Solomon