IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal Action No. RDB-14-0186 |
| RICHARD BYRD, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On October 19, 2015, this Court allowed movant William Bond to intervene in this case, meaning, specifically, that he would be listed on the docket in this case. (ECF No. 230.) Both prior to and since that decision, Mr. Bond has repeatedly and persistently sought to unseal certain portions of the record in this case.

Now pending before this Court is Movant William C. Bond's Sixth Motion to Intervene (ECF No. 385), filed on November 7, 2016. By an "Amended Third Letter to Intervene" (ECF No. 405), dated January 24, 2017, Mr. Bond again renewed his request for unsealing. In an email to Chambers dated January 25, 2017, Mr. Bond requested that the Court hold in abeyance his pending Motions until the completion of Mr. Byrd's sentencing, which is now complete.

This Court is mindful of the public's right of access to judicial proceedings. *Doe v. Pub. Citizen*, 749 F.3d 246-265 (4th Cir. 2014). The Court has carefully considered all of Mr. Bond's many submissions and has weighed the competing interests in this matter. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181-82 (4th Cir. 1998); *See also Va. Dept. of State*

*Police v. Wash. Post*, 386 F.3d 567-576 (4th Cir. 2004). Having conducted this review, all portions of the record in this case which are currently under seal shall REMAIN SEALED.

Accordingly, it is this 9th day of February, 2017, hereby ORDERED that the pending Motions filed by Mr. Bond (ECF Nos. 276, 385, and 405) are DENIED. To the extent that any other submissions filed by Mr. Bond, including his emails dated January 24 and January 26, 2017, may be construed as motions, they are similarly DENIED.

The Movant Bond is free to seek review of this Memorandum Order by the United States Court of Appeals for the Fourth Circuit, which has noted that "[m]andamus, not appeal, is the preferred method of review" for orders restricting access to criminal proceedings. *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 63 (4th Cir. 1989) (internal quotation marks omitted).

_____
Richard D. Bennett
United States District Judge