IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal Action No. RDB-14-0186 |
| | * | |
| RICHARD BYRD, *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM ORDER</u>

Currently pending before this Court are three letters (ECF Nos. 497, 509, 518) filed by *pro se* litigant William C. Bond ("Mr. Bond"). Mr. Bond is a concerned member of the public seeking information relating to Defendant Richard Byrd's former attorney, Kenneth Ravenell. Mr. Bond seeks to intervene in this case and petitions this Court to "unseal all the still sealed filings that concern the disqualification of Kenneth W. Ravenell or his previous law firm." (ECF No. 497.) Mr. Bond's submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). As Mr. Bond acknowledges, this Court has previously denied his request to intervene and unseal documents. (Memorandum Opinion & Order, ECF No. 170.) His letters are best construed as motions to reconsider this ruling pursuant to Federal Rule of Civil Procedure 54(b). For the reasons stated herein, Bond's motions to reconsider (ECF Nos. 497, 509, 518) are DENIED.

## BACKGROUND

On October 31, 2014 United States Magistrate Judge Timothy J. Sullivan of this Court issued an order that (1) directed the Clerk of Court to make note of attorney inquiry hearings

occurring on September 11, 2014 and October 10, 2014; and (2) denied Mr. Bond's request to unseal electronic recordings and transcripts pertaining to those hearings. (Order, ECF No. 100.) Subsequently, Mr. Bond filed a Motion to Correct and/or Reconsider (ECF No. 107), which Judge Sullivan denied in a Memorandum and Order (ECF No. 116). Judge Sullivan additionally issued a Sealed Supplement (ECF No. 117) which further articulated his reasoning for the decision. On January 23, 2015, Mr. Bond noticed an appeal. (ECF No. 119). This Court denied Mr. Bond's appeal and affirmed Judge Sullivan's orders. (ECF No. 170). Mr. Bond now seeks reconsideration of this Court's ruling. (ECF Nos. 497, 509, 518.)

## STANDARD OF REVIEW

Mr. Bond petitions this Court to revisit its prior orders denying his motion to intervene and unseal documents. An unsuccesful litigant may move for the reconsideration of a court's interlocutory order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir. 1991). This Court's discretion to revise its interlocutory orders "is not limitless." *U.S. Tobacco Coop. Inc. v. Big South Wholesale of Virginia, Inc.*, 899 F.3d 236, 256 (4th Cir. 2018) (quoting *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). An interlocutory order may only be amended to account for "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id.*

## ANALYSIS

Mr. Bond presents three reasons why this Court should alter its prior ruling, permit his intervention, and unseal documents. First, Mr. Bond references (without comment) this Court's decision in *Richard Kurland v. ACE American Ins. Co.*, JKB-15-2668 (D. Md. Sept. 13,

2018), ECF No. 51. Second, Mr. Bond argues that the Court's prior Memorandum Order (ECF No. 170) incorrectly referred to "attorney inquiry hearings" when, Mr. Bond argues, it should have referred to "attorney disqualification hearings." (ECF No. 518 at 2.) Finally, Mr. Bond argues that this Court's prior ruling is "outdated . . . because of Mr. Ravenell now being formally indicted" and grand jury secrecy can no longer support this Court's decision to seal materials. (ECF No. 518 at 3.)

## I.   *Richard v. Kurland* does not require this Court to alter its prior ruling.

Mr. Bond cites *Richard Kurland v. ACE American Ins. Co.*, JKB-15-2668 (D. Md. Sept. 13, 2018), ECF No. 51, in support of his motion. In *Kurland*, this Court considered the prevailing plaintiffs' motion to seal a civil matter which had been closed for three years. *Id.* at 1. This Court began its analysis by noting that documents may only be sealed upon the proffer of a "compelling government interest" and a demonstration "that the proposed sealing is narrowly tailored to serve that interest." *Id.* (citing *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 578 (4th Cir. 2004); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). Ultimately, this Court denied the plaintiffs' motion to seal, reasoning that they had chosen to litigate their case in a public forum and that the case had been unsealed for three years. *Id.* at 2-3.

*Kurland* does not counsel a revision of this Court's Memorandum Order (ECF No. 170). *Kurland* merely rebuffed an attempt to seal a routine civil case which had always been, and remained, public. In this case, this Court applied the standards for sealing documents articulated in *Va. Dep't of State Police* and found that sealing was necessary to protect Mr. Byrd's Sixth Amendment rights, that the Sealed Supplement filed by Judge Sullivan (ECF No. 117)

provided additional support for sealing documents, and that sealing was necessary to preserve the secrecy of a grand jury. (ECF No. 170 at 1-5.) These circumstances warranted sealing then and continue to warrant sealing now.

## II.    This Court's references to "attorney inquiry hearings" do not require revision of its prior Order.

Mr. Bond contends that the "attorney inquiry hearings" referenced in this Court's Order were in fact "attorney disqualification hearings." (ECF No. 518 at 2-3.) He argues that disqualification hearings, as opposed to inquiry hearings, should be subject to "a strong presumption of openness." (*Id.* at 3 n.4.) This argument is meritless. Judge Sullivan's Order, which this Court affirmed, explicitly sealed documents related to attorney inquiry hearings. (ECF No. 100.) Even if "attorney inquiry hearings" were subject to different analyses than "attorney disqualification hearings," the distinction is irrelevant in this case.

## III.   The indictment of Attorney Kenneth Ravenell does not require a revision to this Court's prior Order.

Finally, Mr. Bond argues that there is no longer any need to seal documents in this case which "concern the disqualification of Kenneth W. Ravenell or his previous law firm" (ECF No. 497 at 2) because Mr. Ravenell has been indicted.[1] This Court previously indicated that sealing was necessary in part because the "attorney inquiry hearing in question . . . implicated matters involving a grand jury investigation." (ECF No. 170 at 5.) Even if the grand jury proceeding referenced in this Court's prior Opinion had concluded, however, this would not require unsealing of sealed records.[2] The secrecy of a grand jury was not the only concern that

---

[1] On September 18, 2019, the Grand Jury returned an indictment in *United States v. Kenneth Wendell Ravenell* (LO-19-0449).

[2] This Memorandum makes no representations concerning the grand jury proceedings referenced in this Court's prior Memorandum. (ECF No. 170.)

weighed in favor of sealing; as this Court previously indicated, "the reasons [for sealing] articulated by Judge Sullivan are sufficient to affirm [his] rulings." (ECF No. 170 at 4-5.)

As this Court noted in its prior opinion affirming Judge Sullivan's orders, Mr. Bond is free to seek review of this Court's order by the United States Court of Appeals for the Fourth Circuit. He should do so in the manner described by Judge Sullivan. (Jan. 13, 2015 Order at 5 n.4, ECF No. 116.) Specifically, this Court notes that "[m]andamus, not appeal, is the preferred method of review for orders" restricting access to criminal proceedings. *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 63 (4th Cir. 1989) (internal quotation marks omitted).

Accordingly, for the foregoing reasons, it is this 23rd day of October, 2019, ORDERED that:

1) Mr. Bond's letters, construed as Motions for Reconsideration (ECF No. 497, 509, 518) are DENIED;

2) The Clerk of the Court transmit copies of this Order to Counsel and to Mr. Bond.

Richard D. Bennett
United States District Judge