**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | CRIM. NO. RDB-14-0186 |
| | : | CIVIL NO. RDB-19-2312 |
| **RICHARD BYRD,** | : | |
| Defendant. | : | |

...ooOoo...

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S CORRECTED MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO
28 U.S.C. § 2255**

The United States of America, by and through its undersigned attorneys, respectfully submits the following opposition to Defendant Richard Byrd's Corrected Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion to Vacate" or "Mot.").

**I.      BACKGROUND**

On April 14, 2014, the grand jury returned the Indictment charging Defendant Richard Byrd and two co-defendants with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Marijuana in violation of 21 U.S.C. § 846.  Defendant was arrested in Arizona and made his initial appearance in the District of Maryland on June 3, 2014.  During this time period, Defendant was represented by Kenneth Ravenell.  On July 24, 2014, the grand jury returned the Superseding Indictment adding co-defendants and a charge of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) (ECF 41).  The Court entered an Order scheduling trial to begin in March 2015 (ECF 50).  In October 2014, new counsel entered appearances to represent Defendant by appointment under the Criminal Justice Act ("CJA") (ECF 94, 99).  On October 25, 2015, the grand jury returned the Second Superseding Indictment (ECF 231).  A jury trial was re-scheduled multiple times between January 2015 and September 2016, when it was re-scheduled to begin in November 2016.

On March 22, 2016, Attorney David Solomon entered his appearance to represent Defendant by CJA appointment (ECF 280). In July 2016, Attorney Solomon filed numerous pretrial motions on Defendant's behalf. After a hearing in August 2016, the Court entered an Order denying the motions, some on the merits and others as moot (ECF 332).

On September 15, 2016, Attorney Michael Lawlor entered his appearance to represent Defendant by CJA appointment (ECF 352). At a rearraignment on November 2, 2016, Defendant entered pleas of guilty to both counts of the Second Superseding Indictment pursuant to a plea agreement with the Government. The plea agreement provided for a stipulated sentence of 26 years of imprisonment (26 years on Count One, to run concurrently with 10 years on Count Two) pursuant to Fed. R. Crim. P. 11(c)(1)(C) (ECF 378 at 7). On February 9, 2017, the Court imposed the total stipulated sentence of 312 months, to be followed by a total 10-year term of supervised release.

Defendant filed a Notice of Appeal on February 10, 2017. On August 9, 2018, the U.S. Court of Appeals for the Fourth Circuit affirmed in part and dismissed the appeal in part.

Defendant filed the Motion to Vacate on August 9, 2019. By Order dated January 15, 2020, the Government's response was ordered to be filed on or before June 15, 2020.

## II.     PETITIONER'S CLAIMS

In the Motion to Vacate, Defendant argues that his sentence should be vacated due to ineffective assistance of counsel and on the following grounds: (1) Attorney Solomon failed to advise Defendant of a plea offer; (2) Attorney Solomon had a conflict of interest; (3) Attorney Lawlor failed to prepare for trial; (4) Attorney Lawlor had a conflict of interest; and (5) Defendant was denied substitution of counsel the week before his trial was scheduled to begin.

**III.   ARGUMENT**

Each ground for relief asserted in the Motion to Vacate should be denied without need for a hearing. The Government does not dispute the factual allegations made by Defendant in his petition. Even accepting his factual allegations as true, Defendant fails to establish he is entitled to habeas relief.

**A. Defendant's Claim that Attorney Solomon Failed to Convey a Plea Offer**

Defendant claims first that, while he was represented by Attorney Solomon, "the Government made an oral representation that in exchange for a guilty plea it would recommend a term of imprisonment of no more than 22 years[,]" and that "[t]his offer was never conveyed to the Defendant." Mot. 5-6. Defendant claims that Attorney Solomon's failure to convey the Government's "oral representation" to him violated his right to effective assistance of counsel. Mot. 6.

The touchstone for evaluating a criminal defendant's claim of ineffective assistance of counsel is whether the conduct of his attorney fell "within the range of competence normally demanded of attorneys in criminal cases." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the U.S. Supreme Court instructed that claims of ineffective assistance of counsel are decided by the following two-prong test: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In other words, the criminal defendant must show that "his counsel's performance 'fell below an objective standard of reasonableness' measured by 'prevailing professional norms[.]'" *Christian v. Ballard*, 792 F.3d 427, 443–44 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 342 (2015) (quoting *Strickland*, 466 U.S. at 687, 688). Counsel's performance is evaluated from counsel's perspective

at the time and is presumed to "fall[] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

"[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). Defense counsel renders ineffective assistance when they allow a formal plea offer to expire "without advising the defendant or allowing him to consider it[.]" *Id.* To show prejudice in such a case, the defendant "must demonstrate a reasonable probability that (1) 'they would have accepted the earlier plea offer had they been afforded effective assistance of counsel,' and (2) 'the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it . . . .'" *Merzbacher v. Shearin*, 706 F.3d 356, 366 (4th Cir. 2013) (quoting *Frye*, 566 U.S. at 147). Where the prejudiced suffered was that the defendant "was denied the opportunity to 'negotiate plea conditions with the government,'" the defendant must show "an additional reasonable probability that 'the government would have in fact made him a particular plea offer' in the first place." *Flood v. United States*, 345 F. Supp. 3d 599, 613 (D. Md. 2018) (citation omitted).

The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance *necessary to justify reliance on the outcome of the proceeding.*" *Id.* at 691–92 (emphasis added). Unless a defendant makes a showing of both deficient performance by counsel *and* prejudice, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687. *Strickland* sets a "high bar," and surmounting it "is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

Here, Defendant cannot show that he was prejudiced by any failure by Attorney Solomon to convey to Defendant oral statements the Government made about a potential plea agreement. Oral statements made about potential terms of a plea offer do not constitute a formal plea offer with an expiration date. The only prejudice Defendant could claim would be denial of an opportunity to negotiate plea terms with the Government, but he cannot show a reasonable probability that the Government would have actually made a formal offer of terms that he would accept, as necessary to show prejudice in this context. *Flood*, 345 F. Supp. 3d at 613. As Defendant acknowledges, he "filed a variety of discovery and suppression motions" while being represented by Attorney Solomon, Mot. 7, indicating no intention of pleading guilty. It was not until after these motions were argued and denied that Defendant decided to plead guilty. There is no reason to believe that, after having to respond to these motions, the Government would have made a formal offer to include such a favorable plea term as a 22-year limit on its sentencing recommendation. Even if, before he filed motions, Defendant had been formally offered terms that would limit the Government to recommending a 22-year prison term, Defendant cannot show that he "would have accepted" such an offer before his motions were denied. *Frye*, 566 U.S. at 147. Without a showing of prejudice, Defendant's claim of ineffective assistance must be denied.

**B. Defendant's Claim that Attorney Lawlor Failed to Prepare for Trial and that Defendant Was Denied Counsel of Choice**

Defendant claims that, during meetings in the days preceding the rearraignment, Attorney Lawlor "impressed on Mr. Byrd that going to trial would be highly disadvantageous not just because of the significant evidence that the Government had compiled against the Defendant, but because he failed to properly prepare for the impending trial where he would be required to cross-examine and challenge the Government's witnesses." Mot. 10-11. Defendant claims further that

"Attorney Lawlor's failure to adequately prepare . . . affected the Defendant's decision as to whether or not to accept the Government's plea bargain offer." Mot. 12.

On the same grounds, Defendant claims that he was denied counsel of his choice, Vandy Jamison, Jr., who made an appearance in court in advance of Defendant's rearraignment in an effort to substitute himself for Attorney Lawlor as Defendant's counsel. Defendant claims that Attorney Jamison never formally entered his appearance due to the imminent trial date and lack of time for him to prepare for Defendant's trial. Mot. 15. Defendant recognizes the fact that the Court had twice previously permitted Defendant substitution of counsel, and acknowledges the need for the Court to adhere to orderly judicial procedure and to control the administration of his criminal case. Mot. 16. Notwithstanding, Defendant complains that the trial should have been postponed again to accommodate Attorney Jamison's substitution of Attorney Lawlor and preparation for trial. Mot. 16-17.

In order to show prejudice in having entered a guilty plea, the criminal defendant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). He must also "'convince the court' that such a decision 'would have been rational under the circumstances.'" *Id.* at 260 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). In other words, he must show that a decision to proceed to trial "would have been objectively reasonable in light of all of the facts." *Id.* His subjective preferences are not dispositive. *Id.*

Accepting as true Defendant's allegations regarding Attorney Lawlor's lack of preparation for trial, Defendant fails to show either that he would have decided not to plead guilty had Attorney Lawlor been adequately prepared for trial or that such a decision would have been rational. If

Defendant would have opted to go the trial had Attorney Lawlor been prepared, that choice would not have been rational in light of the evidence against Defendant and the significant benefits he received in his plea agreement. The foremost benefit of Defendant's plea agreement was the parties' stipulation to a sentence of 26 years of incarceration, which was significantly below the sentencing guidelines range of 30 years to life imprisonment.

The record demonstrates the large volume of evidence firmly establishing Defendant's guilt for each offense of which he was ultimately convicted. In the Motion to Vacate, Defendant acknowledges that the evidence against him is "significant" (Mot. 10) and "substantial, and the likelihood of conviction after trial quite high" (Mot. 13). This evidence includes the 2011 seizure of over one million dollars from Defendant in Arizona; the July 2012 seizure of $372,000 from Defendant and a lieutenant in his drug trafficking organization; and April 2013 seizures of 16 kilograms of cocaine and over 600 pounds of marijuana that were about to be shipped from Arizona to Defendant's Baltimore-based distributors, and over 10 kilograms of cocaine and approximately 350 pounds of marijuana from the Baltimore-based distributors. ECF 378 at 5-6.

Given the weight of this evidence, if Defendant had chosen to proceed to trial, he would have been convicted and without the benefit of a stipulated sentence below the sentencing guidelines range. Had Defendant opted to go to trial rather than accept a plea agreement with a stipulated sentence, he would have likely received a higher sentence. It would not have been rational for Defendant to choose this outcome. Thus, even accepting as true Defendant's statements about what Attorney Lawlor told him regarding Attorney's Lawlor's lack of preparation for trial, Defendant cannot show that he was prejudiced by any lack of preparation and is not entitled to relief on this issue.

Likewise, given the weight of the evidence and the beneficial terms of his plea agreement, Defendant cannot show that he was prejudiced by the denial of his belated effort to substitute counsel on the eve of trial. "The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance *necessary to justify reliance on the outcome of the proceeding.*" *Strickland,* 466 U.S. at 691–92 (emphasis added). "The Sixth Amendment guarantee of counsel does not guarantee an ideal or perfect representation." *Mickens v. Taylor*, 240 F.3d 348, 363 (4th Cir. 2001) (en banc), *aff'd,* 535 U.S. 162 (2002). In the Motion to Vacate, Defendant acknowledges that the Sixth Amendment guarantees only "a fair opportunity" to secure counsel of choice and that "[t]his 'fair opportunity' . . . has limits." *Luis v. United States*, 136 S. Ct. 1083, 1089 (2016) (quoting *Powell v. Alabama*, 287 U.S. 45, 53 (1932)), *cited in* Mot. 16. Defendant even acknowledges that, based on the record before the Court, it was a proper exercise of the Court's "inherent power to control the administration of justice" and "orderly judicial procedure" for the Court to deny his request for substitution of counsel. Mot. 16 (quoting *United States v. Gallop*, 838 F.2d 1024, 1025 (4th Cir. 1995) (*en banc*)). Defendant had more than two years before his November 2016 trial date to secure counsel of his choice; this was far more than the "fair opportunity" required by the Sixth Amendment. And there can be no doubt that the outcome of this case was a reliable one, given the volume of evidence and the favorable below-guidelines sentence Defendant received in this case. Therefore, Defendant cannot show that he was prejudiced by any lack of preparation for trial in his counsel, and the Motion to Vacate should be denied on this issue.

### C. Conflicts of Interest

Defendant also argues that his sentence should be vacated because both Attorneys Solomon and Lawlor had conflicts of interest.

A claim of ineffective assistance based on a conflict of interest requires the defendant to show that (1) "an actual conflict of interest" (2) "adversely affected his lawyer's performance." *United States v. Dehlinger*, 740 F.3d 315, 322 (4th Cir. 2014) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)); *United States v. Nicholson*, 611 F.3d 191, 205 (4th Cir. 2010). "[T]he mere 'possibility of conflict is insufficient to impugn a criminal conviction[.]'" *Dehlinger*, 740 F.3d at 322. To satisfy the first prong of the *Sullivan* test, the defendant "must show that his interests diverged from his attorney's with respect to a material factual or legal issue or to a course of action.'" *Stephens v. Branker*, 570 F.3d 198, 209 (4th Cir. 2009) (quoting *Gilbert v. Moore*, 134 F.3d 642, 652 (4th Cir.1998) (en banc)) (internal brackets and quotation marks omitted). "But even when an 'actual conflict' is shown, 'an adverse effect is not presumed.'" *Dehlinger*, 740 F.3d at 322 (citation omitted). "[T]he defendant must separately prove that the conflict adversely affected his counsel's performance[,]" which requires the defendant to satisfy the following three-prong test:

> First, the [defendant] must identify a plausible alternative defense strategy or tactic that his defense counsel might have pursued. Second, the [defendant] must show that the alternative strategy or tactic was objectively reasonable under the facts of the case known to the attorney at the time of the attorney's tactical decision.... Finally, the [defendant] must establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict.

*Id.* (quoting *Mickens*, 240 F.3d at 361). The defendant must show both an actual conflict and an adverse effect on counsel's performance to obtain relief. *Id.* at 323.

Defendant claims that both Attorneys Solomon and Lawlor had conflicts of interest when they represented him.

As to Attorney Solomon, Defendant states that, at some point during his representation of Defendant, "Attorney Solomon boasted that he is going to celebrate when Mr. Byrd gets put away."

9

Mot. 8.  If Attorney Solomon made such a careless boast, it would not suffice to show that he had an actual interest in the outcome of Defendant's case that was adverse Defendant's interest. Defendant must show an actual conflict of interest—"[m]ore than a *mere possibility* of a conflict[.]"  *United States v. Tatum*, 943 F.2d 370, 375 (4th Cir. 1991).  Defendant acknowledges that an attorney's dislike of, or antipathy toward, his or her client is not sufficient to show an actual conflict of interest.  *See Hale v. Gibson*, 227 F.3d 1298, 1313 (10th Cir. 2000) (rejecting view that "any time that counsel dislikes his or her client, the defendant could claim a conflict of interest").

Even if the boast by Attorney Solomon was sufficient to show an actual conflict of interest, Defendant falls short of showing that this conflict had an adverse effect on Attorney Solomon's performance.  The only potential impact of the purported conflict that is cited in the Motion to Vacate is Attorney Solomon's alleged failure to convey a plea offer to Defendant.  Defendant speculates that the conflict "may well be the reason why Attorney Solomon failed to apprise his then-client of the plea bargain offer."  Mot. 9.  This speculation is insufficient to show that the alleged failure to present the plea offer was "linked to the actual conflict[,]" as required by the third prong of the *Mickens* test.  Establishing this causal link is critical to Defendant's entitlement to relief because it is necessary to show that the purported conflict of interest "actually affected the adequacy of [counsel's] representation."  *Mickens*, 240 F.3d at 361 (quoting *Sullivan*, 446 U.S. at 349).

As to Attorney Lawlor, Defendant points out the Government's criminal investigation of Kenneth Ravenell and states that "Attorney Lawlor used his representation of Mr. Byrd to aid Mr. Kenneth W. Ravenell in Mr. Ravenell's own legal problems."  Mot. 13.  Defendant notes the likelihood that the Government's investigation of Ravenell is "related to the Government's case against the Defendant" and states that "[t]he Government may have been willing to offer Mr. Byrd

a more advantageous plea agreement in exchange for [cooperation in its investigation of Mr. Ravenell]." Mot. 13-14. Defendant claims that Attorney Lawlor did not advise him "of these possibilities," "took the position that Mr. Byrd's and Mr. Ravenell's interests are aligned rather than in conflict," and shared "strategy and confidential information" with Mr. Ravenell's attorneys "instead of advising Mr. Byrd on the best course of action for *his* case[.]" Mot. 14.

Defendant acknowledges that Attorney Lawlor's "sharing of the strategy and confidential materials is not in and of itself prejudicial to Mr. Byrd" but is offered only as "evidence" of his conflict. Mot. 14. Defendant cannot show any adverse effect the conflict had on Attorney Lawlor's performance and, therefore, is not entitled to relief on this issue.

## IV.  CONCLUSION

For the foregoing reasons, the Government requests that the Court deny all grounds for relief asserted in the Motion to Vacate. There is no need for a hearing in this matter because all relevant facts are established by the record in this case.

        Respectfully submitted,

        Robert K. Hur
        United States Attorney

By: /s/_____
    Derek E. Hines
    Leo J. Wise
    Matthew J. Maddox
    Assistant United States Attorneys
    36 South Charles Street
    Fourth Floor
    Baltimore, Maryland 21201
    (410) 209-4817

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of March, 2020, a copy of the foregoing Opposition to the Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 was filed via CM/ECF with service to counsel for the defendant.

_____/s/_____
MATTHEW J. MADDOX
ASSISTANT U.S. ATTORNEY