IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **CRIMINAL NO. RDB-14-0186** |
| **RICHARD BYRD,** | |
| **Defendant** | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S AMENDED EMERGENCY MOTION FOR TEMPORARY ALTERATION IN CONDITIONS OF CONFINEMENT**

The United States of America, by and through Robert K. Hur, United States Attorney for the District of Maryland, and undersigned counsel, hereby submits the following Response to Defendant Richard Byrd's Amended Emergency Motion for Temporary Alteration in Conditions of Confinement (the "Amended Motion," ECF 539).  The Amended Motion fails to cite any legal authority for the relief requested therein.  By all indications to date, the Defendant has received adequate medical treatment while detained and will continue to receive adequate treatment, as required by law and without need for intervention by the Court.

On November 2, 2016, the Defendant pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Marijuana in violation of 21 U.S.C. § 846, and Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h).  On February 9, 2017, the Court imposed the total sentence of 312 months to be followed by a total 10-year term of supervised release.  The Defendant is currently detained at the Correctional Treatment Facility ("CTF") in Washington, D.C.

On April 7, 2020, the Defendant's counsel filed a Motion for Temporary Home Detention in Light of Emergency Circumstances (COVID-19) (ECF 538).  The Defendant subsequently tested positive for COVID-19 and is currently being treated in a medical unit at CTF.

Defendant's counsel filed the Amended Motion on April 14, 2020, requesting that the Court order that the Defendant remain housed in the medical unit at CTF "until he has been free from disease and tested consistently negative for COVID-19 for a minimum of 14 days" or, alternatively, results of an antibody test show that he "has strong immunity against the virus."

The Court should deny the Amended Motion.  Defense counsel fails to cite any legal authority for this Court to intervene in the treatment decisions of medical professionals and officials at CTF.  The Amended Motion also fails to identify any legal deficiency in the treatment of the Defendant at CTF.  There is no legal basis for the order requested in the Amended Motion and no infringement of the Defendant's rights to remedy.[1]

Moreover, there is no need for intervention in the Defendant's treatment at CTF.  The District of Columbia Department of Corrections ("DOC") has taken significant steps to mitigate the spread of COVID-19 in its facilities and to provide appropriate treatment to those affected by the illness.  The Amended Motion confirms that the Defendant is "currently housed in a medical unit that has been set up to treat COVID-19 patients" and that, upon discharge from the medical unit, he will continue to be quarantined.  He does not allege that he has not received adequate and appropriate treatment for his condition.  Neither the government nor defense counsel is equipped or qualified to make judgments about how medical resources at CTF should be expended or what

---

[1] The Defendant has apparently withdrawn his prior request for temporary release on home detention.  As this Court correctly decided in *United States v. Demario Lamar Brown*, Crim. No. RDB-16-553 (March 26, 2020), this Court lacks the authority to order the Defendant's temporary release or to modify his sentence in any other way absent certain limited circumstances.

medical treatment and supervision are necessary to address the Defendant's illness and to protect other residents and staff at CTF. Such decisions must be left to the professionals in charge of the care of the Defendant and others at CTF potentially affected by COVID-19 in consultation with clinical providers and public health officials, as prescribed by guidance from the Centers for Disease Control and Prevention.

Thus, the Court should not accept the invitation of the Defendant's counsel to micromanage and second-guess *ex ante* the decisions that medical professionals at CTF eventually make about the Defendant's recovery and placement. An inflexible court order may cause the treating physicians and officials at CTF to deviate from expert guidance and may have the unintended effect of jeopardizing the health and safety of the Defendant and other detainees at CTF. For example, maintaining the Defendant on the medical unit longer than necessary to isolate him and to treat his condition could prevent other infected detainees at CTF from receiving the medical attention they need. The Defendant's medical needs have been and will continue to be adequately met in accordance with the law and without need for this Court's intervention.

For the foregoing reasons, the Court should deny the Amended Motion.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: /s/_____
   Leo J. Wise
   Matthew J. Maddox
   Derek E. Hines
   Assistant United States Attorneys
   36 South Charles Street
   Fourth Floor
   Baltimore, Maryland 21201
   (410) 209-4800

**CERTIFICATE OF SERVICE**

I hereby certify on this 16th day of April 2020, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System, which will electronically serve the foregoing document on defense counsel, who are registered CM/ECF users.

_____/s/_____
Matthew J. Maddox